HERMAN PHOENIX V. THE STATE.

No. 9994.   Delivered March 10, 1926.

**1.—Carrying a Bowie Knife—Evidence—Held Insufficient.**

Where the indictment charged appellant with unlawfully carrying on his person a bowie knife, and the evidence showed that the knife was one having a folding blade or blades, and carried in the pocket, this proof does not support the conviction, and the cause must be reversed.

**2.—Same—Statute Construed.**

We do not understand that the statute under which this prosecution is brought makes the question of whether death might be inflicted with a knife, a distinguishing characteristic. It must go further, and be a knife "intended to be worn on the person," and not commonly known as a pocket knife. A knife in a sheath or case may be "worn on the person," but a knife with folded blades is never described as "worn," but is carried in the pocket.

Appeal from the County Court of Washington County. Tried below before the Hon. J. H. Chappell, Judge.

Appeal from a conviction for unlawfully carrying a bowie knife, penalty thirty days in the county jail.

The opinion states the case.

*A. W. Hodde* of Brenham, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Conviction in County Court of Washington County for unlawfully carrying a bowie knife; punishment fixed at thirty days in the county jail.

There is no description in the information of the weapon alleged to have been unlawfully carried by appellant save that it was a bowie knife. The question as to whether it was in fact and in law a bowie knife must control our decision. Much that transpired on the trial of this case was a transgression of the rules of procedure, but appellant did not except to same. For instance, an officer was permitted to state to the jury that a knife having a blade over three and one-half inches long was against the law, and that the knife in question was manufactured for purposes of offense and defense. Following this testimony the court told the jury in his charge to find appellant guilty if they believed beyond a reasonable doubt that he carried on and about his person a knife manufactured and sold for purposes of offense and defense. None of this should have been done. The court told the jury further that if appellant carried a bowie knife to find him guilty, and gave the definition of a bowie knife laid down in Art. 1027 of Branch's Annotated P. C., which is "Any knife intended to be worn upon the person which is capable of inflicting death, and not commonly known as a pocket knife."

The dictionaries accessible to this court define a pocket knife as "A knife with one or more blades which fold into the handle so as to admit of being carried in the pocket." Webster's International Dictionary defines a bowie knife as "A knife with a strong blade from ten to fifteen inches long, doubled edged near the point, used as a hunting knife and formerly as a weapon in the southwestern part of the United States. Also by extension, any large sheath knife."

Bearing in mind the definition of the statute above referred to as well as the definition by the lexicographers, we observe that a pocket knife has a folding blade or blades and "is carried" in the pocket, and this must be distinguished from a knife "intended to be worn on the person," which was to some extent worn as a weapon or for hunting purposes when this statute was enacted in 1871. No witness testified that the knife in question was other than a knife having a folding blade or blades, or that it was not commonly known as a pocket knife, or that it was a knife "intended to be worn on the person" and not carried in the pocket. That death can be inflicted with a pocket knife is unquestioned, and we do not understand the statute referred to to make the question of whether death can be inflicted with a knife a distinguishing

characteristic. It must go further and be a knife "Intended to be worn on the person" and not commonly known as a pocket knife. A knife in a sheath or case may be "worn on the person," but a knife with folded blades is never described as "worn," but is carried in the pocket. The officer who arrested appellant said he had the knife closed in his pocket at the time.

Believing that from the testimony in this case the knife in question was not one "intended to be worn on the person," but that, on the contrary, it was a knife with folding blades intended to be carried in the pocket, and was therefore such knife as is commonly known as a pocket knife, it must follow, in our opinion, the judgment is unsupported by the testimony, and that the cause for this reason must be reversed and remanded, and it is so ordered.

*Reversed and remanded.*