L. B. GRAYS, Appellant,

v.

The STATE of Texas, Appellee.

No. 46185.

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

No attorney on appeal.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant entered a plea of guilty and was convicted upon an information alleging that on or about the 10th day of April, 1971 he "did then and there unlawfully carry on and about his person a knife." Punishment was assessed at a fine of $100.00.

Does such information charge an offense against the laws of this state? We think not. The conviction is reversed even though no motion to quash the information was made, nor was such alleged as a ground of error on appeal. See Article 40.09, Sec. 13, Vernon's Ann.C.C.P.

Article 483, Vernon's Ann.P.C., provides:

"Any person who shall carry on or about his person, . ˙. . a . . . dagger, . . . bowie knife, switch blade knife, spring blade knife, throw blade knife, a knife with a blade over five and one half (5½) inches in length, or any knife manufactured or sold for the purposes of offense or defense shall be punished . . . ."

In Brito v. State, Tex.Cr.App., 279 S.W. 2d 104, the defendant was convicted under

Article 483, supra, and as in this case, the information charged only that the defendant did unlawfully carry on or about his person a knife. This court held that his attack upon the sufficiency of the information should have been sustained, and stated:

"To come within the statute the knife must be one which is described in the statute. Knives, generally, are not covered by the statute."

See also, Torres v. State, 165 Tex.Cr.R. 533, 309 S.W.2d 244; Phoenix v. State, 103 Tex.Cr.R. 443, 281 S.W.2d 567.

The judgment is reversed and the prosecution is ordered dismissed.